FILED IN THE
U.S. DISTRICT COURT
EASTERN DISTRICT OF WASHINGTON

Nov 06, 2023

SEAN F. McAVOY, CLERK

UNITED STATES DISTRICT COURT

EASTERN DISTRICT OF WASHINGTON

| | |
|---|---|
| CODY S., <br><br> Plaintiff, <br><br> -vs- <br><br> KILOLO KIJAKAZI, Acting Commissioner of Social Security <br><br> Defendant. | No.   1:23-CV-3033-WFN <br><br> ORDER |

Cody S. [Plaintiff] brings this action seeking judicial review of the Commissioner of Social Security's final decision denying his application for disability benefits. ECF No. 1. Attorney D. James Tree represents Plaintiff. Special Assistant United States Attorney David J. Burdett represents the Commissioner [Defendant]. After reviewing the administrative record and the briefs filed by the parties, the Court **REVERSES** the Commissioner's final decision.

## JURISDICTION

Plaintiff applied for Supplemental Security Income and Disability Insurance Benefits on March 6, 2020, alleging disability beginning on August 27, 1995. Tr. 16, 250–55, 259-67. Plaintiff later amended his alleged onset date to September 1, 2019. Tr. 40. The applications were denied initially, Tr. 67–98, and on reconsideration, Tr. 101–14. Administrative Law Judge [ALJ] Cecilia LaCara held a hearing on March 7, 2022, Tr. 36–64, and issued an unfavorable decision on April 28, 2022, Tr. 16–30. The Appeals Council denied review on January 6, 2023. Tr. 1–6. The ALJ's April 2022 decision became the Commissioner's final decision, which is appealable to the district court pursuant to 42 U.S.C. § 405(g). Plaintiff filed this action for judicial review on March 7, 2023. ECF No. 1.

ORDER - 1

# FACTS

Plaintiff was born in 1995 and was 24 years of age as of his alleged onset date. Tr. 28, 38. He completed some college, Tr. 28, 55, and has past work in building maintenance, security, fast food, and outside delivery, Tr. 28, 57. Plaintiff alleges disability based on autism, anxiety, and depression. Tr. 41.

# STANDARD OF REVIEW

The ALJ is responsible for determining credibility, resolving conflicts in medical testimony, and resolving ambiguities. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir.1995). The Court reviews the ALJ's legal conclusions *de novo* but gives deference to a reasonable interpretation of a statute the agency is charged with administering. *See McNatt v. Apfel*, 201 F.3d 1084, 1087 (9th Cir. 2000). The ALJ's decision will be reversed only if it is not supported by substantial evidence or if it is based on legal error. *Tackett v. Apfel*, 180 F.3d 1094, 1097–98 (9th Cir. 1999). Substantial evidence is more than a scintilla, but less than a preponderance. *Id*. at 1098. Put another way, "'[i]t means such relevant evidence as a reasonable mind might assess as adequate to support a conclusion.'" *Richardson v. Perales*, 402 U.S. 389, 401 (1971) (quoting *Consol. Edison Co. v. NLRB*, 305 U.S. 197, 229 (1938)). If the evidence is susceptible to more than one rational interpretation, the Court may not substitute its judgment for the ALJ's. *Tackett*, 180 F.3d at 1097–98; *Morgan v. Comm'r of Soc. Sec. Admin.*, 169 F.3d 595, 599 (9th Cir. 1999). The ALJ's decision is conclusive if it is supported by substantial evidence, even if conflicting evidence supports a finding of either disability or non-disability. *Sprague v. Bowen*, 812 F.2d 1226, 1229–30 (9th Cir. 1987). But a decision supported by substantial evidence will still be set aside if it is based on legal error. *Brawner v. Sec'y of Health & Hum. Servs.*, 839 F.2d 432, 433 (9th Cir. 1988).

# SEQUENTIAL EVALUATION PROCESS

The Commissioner has established a five-step sequential evaluation process for determining whether a person is disabled. 20 C.F.R. §§ 404.1520(a), 416.920(a); *Bowen v. Yuckert*, 482 U.S. 137, 140–42 (1987). In steps one through four the claimant bears the

ORDER - 2

burden of establishing disability. *Tackett*, 180 F.3d at 1098–99. This burden is met once a claimant establishes that a physical or mental impairment prevents him from engaging in past relevant work. 20 C.F.R. §§ 404.1520(a)(4), 416.920(a)(4). If a claimant cannot perform past relevant work, the ALJ proceeds to step five, and the burden shifts to the Commissioner to show (1) the claimant can make an adjustment to other work; and (2) the claimant can perform specific jobs that exist in the national economy. *Batson v. Comm'r of Soc. Sec. Admin.*, 359 F.3d 1190, 1193–94 (9th Cir. 2004). If a claimant cannot make an adjustment to other work in the national economy, he will be found disabled. 20 C.F.R. §§ 404.1520(a)(4)(v), 416.920(a)(4)(v).

## ADMINISTRATIVE DECISION

On April 28, 2022, the ALJ issued a decision finding Plaintiff was not disabled as defined in the Social Security Act. Tr. 16–30.

At step one, the ALJ found Plaintiff had not engaged in substantial gainful activity since the alleged onset date. Tr. 18.

At step two, the ALJ determined Plaintiff had the following severe impairments: "depressive disorder, anxiety disorder, and autism." Tr. 19.

At step three, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled the severity of one of the listed impairments. Tr. 19–20.

The ALJ assessed Plaintiff's Residual Functional Capacity [RFC] and found he can "perform work at all exertional levels but with the following non[-]exertional limitations: he is limited to occasional brief superficial interaction with the public; work is limited to routine tasks, not necessarily simple tasks; and he can have occasional changes in the work setting." Tr. 21.

At step four, the ALJ found Plaintiff was capable of performing past relevant work as a building maintenance laborer and security guard. Tr. 28.

At step five, the ALJ also found, based on the vocational expert's testimony, and considering Plaintiff's age, education, work experience, and RFC, there were other jobs that

ORDER - 3

existed in significant numbers in the national economy that Plaintiff could perform. Tr. 28-29. The ALJ specifically identified the representative occupations of housekeeping cleaner, fast food worker, and outside deliverer. Tr. 29.

The ALJ thus concluded Plaintiff was not under a disability within the meaning of the Social Security Act at any time from the alleged onset date. *Id.*

## ISSUES

The question presented is whether substantial evidence supports the ALJ's decision denying benefits and, if so, whether the decision is based on proper legal standards.

Plaintiff contends the ALJ erred by (1) improperly rejecting Plaintiff's symptom testimony, (2) improperly rejecting medical opinion evidence, and (3) improperly assessing the testimony of Plaintiff's father.

## DISCUSSION

**(1) Plaintiff's Symptom Testimony**

Plaintiff contends the ALJ erred by rejecting his symptom testimony without reasons that were specific, clear, and convincing. ECF No. 9 at 4–12.

It is the province of the ALJ to make determinations regarding a claimant's subjective complaints. *Andrews v. Shalala*, 53 F.3d 1035, 1039 (9th Cir. 1995). However, the ALJ's findings must be supported by specific, cogent reasons. *Rashad v. Sullivan*, 903 F.2d 1229, 1231 (9th Cir. 1990). Once the claimant produces medical evidence of an underlying medical impairment, the ALJ may not discredit testimony as to the severity of an impairment merely because it is unsupported by medical evidence. *Reddick v. Chater*, 157 F.3d 715, 722 (9th Cir. 1998). Absent affirmative evidence of malingering, the ALJ's reasons for rejecting the claimant's testimony must be "specific, clear and convincing." *Smolen*, 80 F.3d at 1281; *see also Lester v. Chater*, 81 F.3d 821, 834 (9th Cir. 1996). "General findings are insufficient: rather the ALJ must identify what testimony is not credible and what evidence undermines the claimant's complaints." *Lester*, 81 F.3d at 834; *see also Dodrill v. Shalala*, 12 F.3d 915, 918 (9th Cir. 1993).

ORDER - 4

Plaintiff testified that his depression, anxiety, and autism prevent him from working fulltime. Tr. 21. He claimed that he can "completely shut down" or become "easily agitated" when depressed and that he has these episodes "one day a week or month." Tr. 48–49. Plaintiff also said that it causes him to be "less energetic and focused," and that it takes "a lot longer" for him to do things. Tr. 49. Likewise, he claimed his anxiety makes him easily agitated and that it made it difficult for him to work in high stress environments like restaurants. Tr. 50–51. Plaintiff said he can also become anxious during superficial interactions with supervisors. Tr. 51. He is concerned that working fulltime would "potentially" cause "upheaval with [his] mental health." Tr. 47.

The ALJ found Plaintiff's medically determinable impairments could reasonably be expected to cause the alleged symptoms; however, she found Plaintiff's statements concerning the intensity, persistence and limiting effects of his symptoms were not entirely consistent with the medical evidence and other evidence in the record. Tr. 21–24.

The ALJ determined that Plaintiff's claims were inconsistent with the objective medical evidence. Tr. 22–23. Longitudinal observations and findings during routine appointments showed Plaintiff had greater functioning than alleged and suggested that he was capable of fulltime work. *Id.* Over multiple appointments, Plaintiff had an appropriate mood and affect, normal thought process and content, fair insight and judgment, normal attention span and concentration, no abnormal distractibility or impulsivity, and an appropriate fund of knowledge, among other findings. *Id.* He was able to articulate his thoughts, name objects, and repeat phrases. *Id.* Plaintiff was also cooperative and pleasant and behaved appropriately. *Id.* Similarly, the ALJ found that Plaintiff's DSHS examinations were inconsistent with his allegations: Plaintiff was cooperative and his mental status examinations were mostly normal. Tr. 23–24. The ALJ also found Plaintiff's claims were inconsistent with his activities. Tr. 23–24. Although there were some reports of poor personal hygiene, Plaintiff prepared his own meals, did household chores, took care of his own hygiene, and maintained his apartment within normal limits. Tr. 23. Although Plaintiff was not working fulltime, he was usually working, or looking for work, during the period at

ORDER - 5

issue. Tr. 24. These were permissible reasons for rejecting Plaintiff's claims. *See Molina v. Astrue*, 674 F.3d 1104, 1113 (9th Cir. 2012), *superseded on other grounds by* 20 C.F.R. § 416.920(a); *Rollins v. Massanari*, 261 F.3d 853, 857 (9th Cir. 2001).

Plaintiff argues the ALJ erred because the activities cited are not actually inconsistent with Plaintiff's symptom claims. ECF No. 9 at 5–9. Similarly, Plaintiff argues the objective evidence is not actually inconsistent with Plaintiff's claims *See id.* at 9–11. Plaintiff cites evidence in the record that supports both of his arguments. *See id.* at 5–11. However, even if Plaintiff's interpretation is reasonable, the Court must affirm the ALJ's conclusion because it is supported by substantial evidence. *See Morgan*, 169 F.3d at 599.

Plaintiff also argues the ALJ's reasoning is internally inconsistent because the ALJ noted evidence that was contrary to her ultimate conclusion. *See* ECF No. 9 at 9. The Court disagrees. A decision is not internally inconsistent because it acknowledges contrary evidence. It was appropriate for the ALJ to consider both the evidence that supports her conclusion and the evidence that was contrary. *See Gallant v. Heckler*, 753 F.2d 1450, 1456 (9th Cir. 1984) (stating that an ALJ errs by ignoring contrary evidence).

Finally, Plaintiff argues the ALJ cannot reject symptom claims merely because they are unsupported by objective evidence. ECF No. 9 at 11. This argument fails because the ALJ gave an additional reason for rejecting Plaintiff's symptom claims. *See* Tr. 23.

The Court will uphold the ALJ's interpretation of the evidence because it is reasonable. *See Burch v. Barnhart*, 400 F.3d 676, 680–81 (9th Cir. 2005).

**(2) Medical Opinion Evidence**

Plaintiff alleges the ALJ erred by improperly evaluating the opinions of David Mashburn, Ph.D., Thomas Genthe, Ph.D, Holly Petaja, Ph.D., E. Hamilton, L.M.C.H.A., R. Borton, Ph.D, and Leslie Postovoit, Ph.D. ECF No. 9 at 12–20.

The ALJ considers the persuasiveness of each medical opinion and prior administrative medical finding, regardless of whether the medical source is an Acceptable Medical Source. 20 C.F.R. § 404.1520c(c). The ALJ is required to consider multiple factors, including supportability, consistency, the source's relationship with the claimant, any

ORDER - 6

specialization of the source, and other factors, such as the source's familiarity with other evidence in the file or an understanding of Social Security's disability program. *Id.* The regulations make clear that the supportability and consistency of the opinion are the most important factors, and the ALJ must articulate how she considered those factors in determining the persuasiveness of each medical opinion or prior administrative medical finding. 20 C.F.R. § 404.1520c(b). The ALJ may explain how she considered the other factors, but is not required to do so, except in cases where two or more opinions are equally well-supported and consistent with the record. *Id.*

Supportability and consistency are further explained in the regulations:

(1) *Supportability.* The more relevant the objective medical evidence and supporting explanations presented by a medical source are to support his or her medical opinion[s] or prior administrative medical finding[s], the more persuasive the medical opinions or prior administrative medical finding[s] will be.

(2) *Consistency.* The more consistent a medical opinion[s] or prior administrative medical finding[s] is with the evidence from other medical sources and nonmedical sources in the claim, the more persuasive the medical opinion[s] or prior administrative medical finding[s] will be.

20 C.F.R. § 404.1520c(c).

The Ninth Circuit has additionally held that the new regulatory framework displaces the longstanding case law requiring an ALJ to provide "specific and legitimate" or "clear and convincing" reasons for rejecting a treating or examining doctor's opinion. *Woods v. Kijakazi*, 32 F.4th 785, 787, 792 (9th Cir. 2022). "Now, an ALJ's decision, including the decision to discredit any medical opinion, must simply be supported by substantial evidence." *Id.* at 787.

**(a) David Mashburn, Ph.D.**

Dr. Mashburn examined Plaintiff in April 2020 and opined, among other things, that Plaintiff's mental impairments gave him moderate limitations in his ability to communicate

ORDER - 7

and perform effectively at work, maintain appropriate behavior at work, and complete a normal workday and workweek without interruptions. Tr. 25, 412–13. The ALJ found Dr. Mashburn's opinion unpersuasive because it was "out of proportion to the longitudinal record," and because Dr. Mashburn "did not have an opportunity to review the updated record." Tr. 25.

Plaintiff argues the ALJ erred by failing to discuss the supportability factor. ECF No. 9 at 14–15. In response Defendant writes,

> The ALJ compared Dr. Mashburn's assessments at length with both *other medical findings, and Plaintiff's activities* such as his work activity and his general ability to care for himself. Regardless of the ALJ's syntax, a fair reading is that the ALJ found these aspects of the record did not *support* Dr. Mashburn's assessed limitations.

ECF No. 11 at 7–8 (first emphasis added). However, as Plaintiff argues in reply, the comparison of Dr. Mashburn's findings to "other medical findings[] and Plaintiff's activities" goes to the consistency factor, not the supportability factor. *See* 20 C.F.R. § 404.1520c(c); ECF No. 12 at 6. "Consistency" has to do with whether a medical opinion is consistent with evidence from other sources in the record. *See* 20 C.F.R. § 404.1520c(c)(2). In contrast, "supportability" has to do with the relevance of the evidence and explanations presented by the source himself. *See* 20 C.F.R. § 404.1520c(c)(1). Because the ALJ did not consider the relevance of the evidence and explanations presented by Dr. Mashburn himself—and Defendant does not argue otherwise—the ALJ erred. *See* 20 C.F.R. § 404.1520c(b).

### (b) Other Medical Opinions

Defendant also argues the ALJ erred in considering the opinions of Dr. Genthe, Dr. Petaja, Ms. Hamilton, Dr. Borton, and Dr. Postovoit. ECF No. 9 at 16–20. The analysis of their opinions could be impacted by the ALJ's reevaluation of Dr. Mashburn's opinion. Therefore, the ALJ should reevaluate these opinions on remand.

ORDER - 8

**(3) Plaintiff's Father's Testimony**

Plaintiff argues the ALJ erred in assessing Plaintiff's father's testimony. Because the evaluation of Plaintiff's father's testimony may be impacted by the ALJ's reevaluation of the medical opinion evidence, the ALJ should reevaluate Plaintiff's father's testimony on remand as well.

## CONCLUSION

Having reviewed the record and the ALJ's findings, the Court finds the ALJ erred by failing to consider the supportability factor when evaluating Dr. Mashburn's opinion. The Court found the ALJ did not err in evaluating Plaintiff's symptom testimony. However, the evaluation of Plaintiff's symptom testimony may be impacted by the ALJ's reevaluation of medical opinion evidence. Therefore, the ALJ should also reconsider Plaintiff's testimony on remand. The Court has reviewed the briefs and the file and is fully informed Accordingly,

**IT IS ORDERED** that:

1. Plaintiff's Brief, filed June 2, 2023, **ECF No. 9**, is **GRANTED IN PART.**

2. Defendant's Brief, filed July 3, 2023, **ECF No. 11**, is **DENIED**.

3. The matter is **REMANDED** to the Commissioner for additional proceedings consistent with this Order.

4. An application for attorney fees may be filed by separate motion

The District Court Executive is directed to file this Order and provide copies to counsel. Judgment shall be entered for Plaintiff and the file shall be **CLOSED**.

**DATED** this 6th day of November, 2023.

10-30-23

WM. FREMMING NIELSEN
SENIOR UNITED STATES DISTRICT JUDGE

ORDER - 9